UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Naser Jewelers, Inc.,
    Plaintiff

    v.                                     Civil No. 06-cv-400-SM
                                           Opinion No. 2008 DNH 024
City of Concord, NH,
    Defendant

**O R D E R**

This court earlier denied plaintiff's motion for preliminary injunctive relief because it concluded that the City's regulation banning all electronic signs (also known as "Electronic Messaging Centers" or "EMCs") was content-neutral and narrowly tailored to serve significant governmental interests — aesthetics and traffic safety — and allowed for reasonable alternative channels of communication. See, e.g., Gun Owners' Action League, Inc. v. Swift, 284 F.3d 198, 212 (1st Cir. 2002).

Plaintiff appealed that denial of preliminary relief, and, on January 18, 2008, the court of appeals affirmed, holding that:

> Concord's prohibition of EMCs is a constitutionally permissible content-neutral regulation. Since [Naser Jewelers, Inc.] has no probability of success on the merits of its claim, we need not address the other factors in the preliminary injunction determination.

Naser Jewelers, Inc. v. City of Concord, New Hampshire, No. 07-2098, slip op. at 19, (1st Cir. January 19, 2008).

The City moves for summary judgment on a number of grounds, but one will suffice. Because, as a matter of law, the City's regulation of electronic signs is content-neutral and narrowly tailored to serve significant governmental interests, and allows for reasonable alternative channels of communication, plaintiff cannot prevail on its claim. There are no disputes as to material facts. Accordingly, the City's motion is granted.

## Conclusion

Defendant's motion for summary judgment (document no. 34) is hereby granted. The clerk shall close this case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 30, 2008

cc: Douglas M. Bragg, Esq.
    John F. Winston, Esq.
    Stephen H. Roberts, Esq.
    Charles P. Bauer, Esq.
    John T. Alexander, Esq.
    Lisa Lee, Esq.